# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1633 | **DATE** | 2/9/2011 |
| **CASE TITLE** | Scott vs. Illinois Youth Center Joliet, State of IL et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, plaintiff Jeffrey R. Scott's petition for attorneys' fees ("Pl.'s Pet.") [72] is granted in part and denied in part and fees are awarded in the amount of $10,360.25 against defendant Larry Peterson.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

This matter comes before the court to determine whether plaintiff Jeffrey R. Scott ("Scott") has submitted sufficient evidence that the rates charged by his attorneys and paralegals are reasonable to justify his requested award of attorneys' fees pursuant to the District Judge's Memorandum Opinion and Order of August 11, 2010. (Mem. Op. & Order.) [Dkt 75.] For the reasons that follow, the court concludes that Scott is entitled to an award of attorneys' fees in the amount of $10,360.25.

### Background

Scott filed a two-count complaint against defendants John Rita and Larry Peterson alleging that they unlawfully terminated his employment because of his race in violation of 42 U.S.C. §§ 1981 and 1983. [Dkt 41.] On March 17, 2010, the District Judge dismissed Rita from the case and entered a default judgment against Peterson pursuant to Federal Rule of Civil Procedure 55(a). [Dkt 65.] Following a prove-up hearing, the District Judge awarded Scott $245,475 in damages. (Order, August 11, 2010.) [Dkt 74.] The District Judge also addressed Scott's petition for attorneys' fees, and determined that Scott prevailed in his claim against Peterson and was therefore entitled to fees. (Mem. Op. & Order at 15.)

Scott requested an award of $72,937.50 for fees and costs incurred by the attorneys and paralegals from the Chicago law firm of Fisher & Phillips LLP who represented him. (Pl.'s Pet. at 1.) The District Judge analyzed the billing records submitted with the petition. After disregarding time spent on work unrelated to the successful result, the court found that the attorneys and paralegals had spent the following hours on tasks related to the successful result: 4.1 hours by attorney Craig Annunziata; 13.9 hours by attorney John Berg; 58.4 hours by attorney Brian Jackson; and 5.6 hours collectively by paralegals Cynthia Muehling, Dana Blumthal, and Heather Macdonald (collectively, "paralegals"). (Mem. Op. & Order at 11,16-19.) The District Judge further found that, given the straightforward nature of the case and the limited success of the judgment, the total amount of the fee award for each attorney and paralegal would be divided in half. (*Id.* at

| STATEMENT |
|---|

20.) However, because Scott did not submit sufficient evidence to support the billing rates for each of the attorneys and paralegals, the District Judge entered and continued the motion to allow him to submit additional evidence on that point. (*Id.* at 21.)

Scott submitted supplemental support (Pl.'s Suppl. [dkt 76]), and the petition for attorneys' fees was thereafter referred to this court. [Dkt 77.] Peterson was given the opportunity to respond both to the petition for attorneys' fees and the supplemental support [dkt 73, 78, 79], but has failed to do so. The sole remaining issue for this court is the reasonableness of the rates sought.

### Discussion

The party seeking the fee award has the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A reasonable hourly billing rate reflects the prevailing market rate for a similar level of legal work. *See Gautreaux v. Chicago Housing Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). The attorneys' actual billing rate for comparable work – "the amount they would have earned from paying clients" – is the place to start in calculating the appropriate rate. *Mathur v. Bd. of Trustees of S. Ill. U.*, 317 F.3d 738, 743 (7th Cir. 2003). With his initial petition, Scott submitted the affidavits of Mr. Annunziata (who seeks a rate of $435), Mr. Berg (who seeks a rate of $345), and Mr. Jackson (who seeks a rate of $315). (Pl.'s Pet., Ex. D, Aff. Craig Annunziata, Ex. E, Aff. John Berg, Ex. F, Aff. Brian Jackson.) Scott seeks an hourly rate of $195 for the paralegal. (*Id.*, Ex. B.)

The affidavits submitted with the initial petition are very sketchy. Mr. Annuziata says only that he is the managing partner of Fisher & Phillips LLP, has been licensed to practice law since 1992, and focuses his practice exclusively on labor and employment matters. (Annunziata Aff. ¶¶ 2-3.) Mr. Berg says that he is of counsel at Fisher & Phillips, has been licensed to practice law since 1998, and focuses his practice exclusively on labor and employment matters. (Berg Aff. ¶¶ 2-3.) Mr. Jackson says that he is an associate at Fisher & Phillips, has been licensed to practice law since 2005, and focuses his practice exclusively on labor and employment matters. (Jackson Aff. ¶¶ 2-3.) The declarations provide no other information about the attorneys' professional background and experience, for example, education, relevant publications, other bar admissions, notable cases, teaching, etc. Nor do the affidavits provide any information about the cases or clients for which they charged the stated rates.

As the District Judge observed, an attorney's own affidavit is not sufficient to establish a reasonable hourly rate. *See, e.g.*, *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000); *Spegon*, 175 F.3d at 556. The burden is on the fee applicant to produce satisfactory evidence in addition to the attorney's own affidavit to prove that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Spegon*, 175 F.3d at 556. That burden was not met by the limited information in the affidavits.

To supplement the petition, Scott submitted a declaration from Laura Littel, Office Manager at Fisher & Phillips, but that, too, is quite limited. (Pl.'s Suppl., Ex. A, Decl. Laura Littel ¶¶ 2, 3.) Ms. Littel simply confirms that Fisher & Phillips has billed its clients at the rates identified in the petition "for comparable work" in connection with single plaintiff employment discrimination cases. (*Id.* ¶¶ 4, 5.) None of the declarations from the attorneys or staff at Fisher & Phillips, however, state that Scott, or any other client, actually *paid* the rates identified. If Scott had actually paid the rates sought, that would be evidence of their reasonableness. *See Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir.

1996) (stating that "the best evidence of the market value of legal services is what people pay for it. Indeed, this is not 'evidence' about market value; it *is* market value.").

Notably, none of the affidavits identify any cases in which Scott's attorneys have been awarded fees. A review of the docket for the Northern District of Illinois shows that, except for this case, the attorneys' work in labor and employment cases in this district has apparently been almost exclusively in representing defendants. This raises a question regarding whether Ms. Littel's use of the phrase "legal services concern[ing] single plaintiff/complainant cases" actually refers to representing *plaintiffs* or instead refers to representing *defendants* in cases brought by single plaintiffs. (*See* Littel Decl. ¶ 4.)

Finally, Scott submitted declarations from two attorneys in the Chicago area who focus their practice on labor and employment matters, Amanda Wright of Littler Mendelson and Brian Spang of McGuireWoods LLP. (Pl.'s Suppl., Ex. B., Decl. Amanda Wright, Ex. C., Decl. Brian E. Spang.) Ms. Wright, a 2001 law school graduate, is a partner in a firm that is dedicated to labor and employment law. (Wright Decl. ¶ 3.) She focuses on representing management in litigation. (*Id*.) Her hourly rate is $435. (*Id.* ¶ 4.) Mr. Spang is a 1997 law school graduate whose practice has focused on employment law. (Spang Decl. ¶¶ 2-3.) His current rate is $410 per hour, although at another firm he billed at $450 per hour. (*Id.* ¶ 7.) Both Ms. Wright and Mr. Spang state that, based upon their experience as well as a review of their own billable rates, the rates billed by the Fisher & Phillips attorneys and paralegals are reasonable and in line with those generally charged by Chicago law firms in like matters. (Wright Decl. ¶ 5; Spang Decl. ¶ 8.)

Ms. Wright and Mr. Spang's opinions of the reasonableness of attorneys' rates provide some evidence because they describe their own rates, but without concrete examples, the use is limited. *See Elusta v. City of Chicago,* No. 06 C 4264, 2010 WL 5157333 at * 3 (N.D. Ill. Dec. 13, 2010); *Edwards v. Rogowski*, No. 06 C 3110, 2009 WL 742871 at *4 (N.D. Ill. Mar. 18, 2009). Moreover, neither attorney suggests that their rates are what they charge for representing *plaintiffs* in employment cases. Ms. Wright represents management, and Mr. Spang does not discuss whether he represents plaintiffs or defendants or both, although his stated billing rates are for his time at law firms substantially larger than Fisher & Phillips.

Although fee awards are not differentiated between private attorneys and not-for-profit legal aid organizations (*Blum v. Stenson*, 465 U.S. 886 (1984)), it is possible that the market rates charged to individual plaintiffs in employment cases are not the same as those charged to management defendants. Scott submits no evidence on that point, and, indeed, does not even discuss it in his petition or supplement. Local Rule 54.3(d)(5)(B) requires a respondent challenging a fee petition to disclose its own attorneys' hourly rates, suggesting that what one party's lawyer charges in a particular case may be brought to bear on the question of whether the opposing party's lawyer's rates are reasonable. However, this does not automatically lead to the conclusion that the "market" for plaintiff and defense attorneys in any given area of the law is the same.

In light of the limited information Scott has provided, the court looks to fee awards in similar cases as evidence of reasonable hourly rates. *See People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1312 (7th Cir. 1996). Those cases suggest that Scott's attorneys' rates are higher than is usually awarded. In *Williams v. Z.D. Masonry Corp.*, No. 07 C 6207, 2009 WL 383614 at *2 (N.D. Ill. Feb. 17, 2009), for example, this court found that $400 an hour was a reasonable rate for an attorney with more than 20 years of experience exclusively in the fields of labor and employment law. The number of employment cases in which fee awards are reported is, however, not large. There are a considerable number of awards in civil rights cases, and those awards are at even lower rates. *See, e.g., Elusta*, 2010 WL 5157333 at *4 ($300 for lead counsel with more than 20 years of experience and $225 for counsel with more than 15 years of

| STATEMENT |
|---|

experience;
*Heneghan v. City of Chicago*, No. 09 C 759, 2010 WL 3715142 at *1-2 (N.D. Ill. Sept. 14, 2010) ($275 an hour for a civil rights attorney with 10 years of experience); *Edwards*, 2009 WL 742871 at *5 ($400 for a civil rights attorney with more than 20 years experience and $225 an hour for a civil rights attorney with 5 years of experience); *Lee v. City of Chicago*, No. 07 C 2035, 2008 WL 5377798 at * 1 (N. D. Ill. Dec. 18, 2008) ($325 an hour for lead counsel, $225 and $175 for associates and $100 per hour for paralegals); *Schultz v. City of Burbank*, No. 06 C 5646, 2007 WL 1099479 at *3-4 (N.D. Ill. Apr. 10, 2007) ($285 reasonable for an attorney with 12 years' experience);. Fee awards in civil rights cases, however, must be considered with caution because those cases may not be entirely comparable to employment cases.

On the other hand, Peterson has not submitted any evidence – or even any argument– to demonstrate that the rates claimed by Scott's attorneys are not reasonable, although he was given a number of opportunities to do so. *See People Who Care,* 90 F.3d at 1313-14 (opposing party's failure to present evidence establishing need for lower rate is essentially concession that rate established by petitioner is reasonable).

Reviewing all of the evidence submitted, as well Peterson's failure to object, the court finds that $390 an hour is reasonable for Mr. Annunziata, a partner with 18 years' experience, for his work in a single plaintiff employment case. Mr. Berg is of counsel and had been in practice for 12 years, and the court finds that a rate of $285 an hour is reasonable. Mr. Jackson is an associate and had been in practice for 5 years, and the court finds that a rate of $250 an hour is reasonable. The paralegals' time will be allowed at $100 an hour.

Using those rates for the hours found by District Judge to be related to the successful outcome results in an award as follows: for Mr. Annunziata, 4.1 hours x $390 = $1,599; for Mr. Berg, 13.9 hours x $285 = $3,961.50; for Mr. Jackson, 58.4 hours x $250 = $14,600; and for the paralegals, 5.6 hours x $100 = $560. Each amount is then reduced by 50% pursuant to the District Court's order, bringing the final fee award to $10,360.25.